UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Michelle L. Hughes Faulk, | CASE NO. 2:24-cv-00159-JHC |
| Plaintiff, | ORDER |
| v. | |
| United States District Court, | |
| Defendant. | |

Before the Court are Plaintiff's Motion for the Court to Assign Legal Counsel and Plaintiff's "Emergency Motion to Change Venue Jurisdiction to Provide Safe, Just and Honest Legal Representation." Dkt. ## 3 & 4. The motions are noted for March 1, 2024, and March 15, 2024, respectively, but a defendant has not appeared, and the Court sees no reason to wait to rule on them. For the reasons below, the Court DENIES the motions.

Plaintiff, proceeding pro se, brings this civil rights action. "In proceedings *in forma pauperis*, the district court 'may request an attorney to represent any person unable to afford counsel.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1)). Here, Plaintiff is not proceeding *in forma pauperis*. But assuming Plaintiff were indigent, the Court would still deny the motion for assignment of counsel.

ORDER - 1

With respect to indigent civil litigants, deciding whether to appoint such counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate their claims pro se given the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff has not shown any exceptional circumstances exist for the appointment of counsel. Most critically here, the motion does not demonstrate any likelihood of success on the merits. For example, the complaint names the "US District Court" in Portland, Oregon, as the defendant and requests "$123,456,789.00" in damages.[1] Dkt # 1 at 33. But neither that pleading nor the motion explains how that court could be liable to Plaintiff (nor how Plaintiff could be entitled to a damages amount exceeding one hundred million dollars).

Likewise, the motion to change venue appears to lack any legal basis. For the convenience of parties and witnesses, in the interest of justice," a federal court has the power to transfer a case before it "to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). But Plaintiff does not provide any basis under Section 1404(a) to transfer venue; nor does she specify the other district to which she believes this case should be transferred. Nor does she explain why she cannot simply dismiss this action under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and then bring her claims in a different venue. Second, Plaintiff appears to ask the Court to change the venue of two matters pending before a different court, Dkt. # 4 at 82; but such a motion must be brought in the court(s) where those matters are pending.

For the foregoing reasons, the Court DENIES the motions.

---

[1] In the motion, Plaintiff "offers" to have court-appointed counsel hired on a contingent fee. Dkt. # 3. The Court cannot make such an arrangement for Plaintiff.

ORDER - 2

Dated this 27th day of February, 2024.

John H. Chun
United States District Judge

ORDER - 3